**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHELSEA DAVIS,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.:** |
| | § | **4:21-cv-3328** |
| **v.** | § | |
| | § | |
| **ARCHROCK, INC.** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORALBE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Chelsea Davis (hereinafter "Plaintiff") in the above-referenced matter, complaining of and about Defendant Archrock, Inc. (hereinafter "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

### I.    PARTIES

1.    Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.    Defendant is a corporation, organized and existing under the laws of the State of Delaware conducting business in the State of Texas. Defendant has an office located at 9807 Katy Freeway, Houston, Texas 77024.

3.    Defendant may be served with process through its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, as reflected in the Texas Secretary of State records, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.     JURISDICTION

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statues: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

5.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas labor Code § 21.001 et seq. (hereinafter "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6.     Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's place of business exists.

## III.     NATURE OF THE ACTION

7.     This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful sex/gender discrimination, hostile work environment, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

## IV.     EXHAUSTION OF ADMINSTRATIVE REMEDIES

8.     On June 17, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-01425) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant for sex/gender discrimination, hostile work environment, and retaliation.

9.     Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on July 13, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice of Right to Sue. Therefore, this lawsuit is timely filed.

## V.   FACTS

10.   On June 6, 2019, Defendant hired Plaintiff as an Accounts Payable Representative. During Plaintiff's employment, she never received any reprimands or write-ups. Plaintiff was given reviews that she was an exemplary employee.

11.   Upon hiring, Plaintiff was continuously harassed on the job; for the length of an entire year. Plaintiff's supervisor, Nina Ramirez (hereinafter "Ms. Ramirez"), would continuously demean and belittle Plaintiff in front of other employees. Ms. Ramirez would ridicule and criticize her work on a daily basis and never acknowledge her accomplishments. When Plaintiff would submit work that was recognized by upper management, Ms. Ramirez would criticize her as a form of punishment.

12.   Sometime in November 2019, Plaintiff was hired as a direct hire which alleviated her from her temporary position with Defendant.

13.   Sometime in March 2020, during the beginning of the COVID-19 pandemic, Defendant's office closed and the staff was ordered to work remotely. Plaintiff noticed that working remotely helped alleviate the toxic workplace environment that was transpiring due to poor management.

14.   Sometime in July 2020, Ms. Ramirez started to continuously threaten employees about terminating them for errors that were made in the way that their work was being submitted. Plaintiff relayed to Ms. Ramirez that the reason for this was because of prior training the employees received and that if the work being submitted was not meeting her expectations it was due to improper training. Even after this explanation and no update in training from management, Ms. Ramirez would continue to threaten the employees with write-ups, which ultimately led to her terminating two (2) employees from the department.

15. Sometime in August 2020, employees were still working remotely, Plaintiff received no complaints about her work ethic or the processing of her work in a timely manner. At no time did management reach out to her regarding issues or lack of work ethic.

16. Sometime in August 2020, Ms. Ramirez started utilizing hardships against Plaintiff to enforce her to resign. At the end of the month, the office re-opened and requested that fifty percent (50%) of the staff return; implementing a rotating shift schedule. Plaintiff expressed to management that she could not return to the office on short notice due to the fact that her children's schools were still closed due to the COVID-19 pandemic. Plaintiff made an effort to reach out to several resources, but was unsuccessful in securing childcare on short notice. Plaintiff was not able to return to the office in-person, but continued to work remotely. During this time, Plaintiff was successful in completing her work in a timely manner. She completed all deadlines and submitted work as needed. Plaintiff's remote work location did not affect her work ethic or progress.

17. Sometime in November 2020, Plaintiff noticed different forms of punishment that management was retaliating against her for not returning to the office. Plaintiff noticed she was being over-worked and that she was given more workload than usual. On top of Plaintiff's new heavy workload, she was given unreasonable deadlines to meet on a daily basis. Shortly after Plaintiff began to receive more workload than usual, she received an email that her position was no longer allowed to be worked from a remote location and that Plaintiff must return to the office immediately. Plaintiff began to fear for her job security since she was not in any position to return to the office because she still had not secured childcare for her children.

18. Sometime in December 2020, Plaintiff reached out to Human Resources for guidance on how to resolve the issue referenced in the above paragraph. The Human Resources department stated that Plaintiff could continue to work remotely until she found a childcare solution. No

timeframe nor deadline was given on when Plaintiff needed to return to the office. Plaintiff reached out to Ms. Ramirez to inform her of the Human Resources department's decision. Ms. Ramirez was dismissive and stated that Plaintiff was incompetent. Plaintiff then expressed that the new workload was heavy, but Ms. Ramirez was still being dismissive with Plaintiff's concerns. Plaintiff began to worry that when she did return to the office that the work environment would be extremely hostile and toxic due to Ms. Ramirez's negligent and gross manner towards her.

19. Sometime in January 2021, after numerous reports to Ms. Ramirez and constantly being dismissed, Plaintiff felt the workload was too much of a burden and felt that management no longer wanted to adhere to her needs. Plaintiff enjoyed working for Defendant, but was no longer happy with her position due to the ill treatment of management and the refusal to help rectify the problems that Plaintiff kept bringing to their attention. Plaintiff could no longer keep up with the pressure and stress that the job was creating and ultimately led Plaintiff to resign. Defendant failed time and time again to rectify the heavy workload and dismissed any requests for assistance by the Plaintiff.

## VI.    CAUSES OF ACTION

### CLAIM 1 – SEX/GENDER DISCRIMINATION PURSUANT TO TITLE VII

20. Plaintiff incorporates by reference all of the foregoing allegation in each of the paragraphs above as if fully set forth herein.

21. Plaintiff is a female, which in the situation described above and for the purposes of Title VII, makes her a member of a protected class.

22. Plaintiff was clearly qualified for her position with Defendant, which the absence of any disciplinary or similar record will show.

23. Plaintiff was treated differently from other employees of Defendant because of her sex/gender (female).

24. No action was ever taken by Defendant to remedy or stop the harassing behavior towards Plaintiff.

25. As such, Defendant discriminated against Plaintiff on the basis of sex by taking an adverse employment action against her, which action was never taken against similarly situation non-member of Plaintiff's protected class (female).

## CLAIM 2 – HOSTILE WORK ENVIRONMENT AND HARASSMENT

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Through its unlawful and discriminatory employment practices including sex/gender discrimination, hostile work environment, and retaliation, Defendant subjected Plaintiff to a hostile work environment.

28. Therefore, Plaintiff was discriminated against by Defendant by being subjected to hostile work environment, contrary to the applicable law of the United States, as interpreted in the relevant precedent of the Supreme Court and the Fifth Circuit.

## CLAIM 3 – RETALIATION PURSUANT TO TITLE VII

29. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Defendant intentionally retaliated against Plaintiff because of the complaints of sex/gender discrimination, hostile work environment, and retaliation made to Defendant in violation of Title VII.

## CLAIM 4- RETALIATION PURSUANT TO TCHRA

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Defendant intentionally retaliated against Plaintiff because of the complaints of sex/gender discrimination, hostile work environment, and retaliation made to Defendant in violation of the Texas Labor Code § 21.055.

## XII.  **JURY DEMAND**

33. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XIII.  **PRAYER**

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

   b. Compensatory damages, including but not limited to, emotion distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Cost of Court; and

i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,

kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Eddie Robert Hodges, Jr.
Texas Bar No.: 24116523
Southern District No.: 3479748
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**